IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM RAYMOND BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-089 |
| | ) | |
| CO2 LARHONDA SCOTT, Disciplinary Report Investigating Officer; LT. STEPHAN FOSTER, Supervisor; SGT. HOLLOMAN, Supervisor; and JOHN INMAN, Deputy Warden of Security, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Dodge State Prison ("DSP") in Chester, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his complaint on November 10, 2016, and filed a supplemental complaint on January 3, 2017 seeking to incorporate several new claims. (Doc. no. 13.) The Court normally does not allow for such piecemeal amendment. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). However, for the sake of judicial economy, the Court will consider Plaintiff's supplemental complaint along with his original complaint. Plaintiff has also filed four motions for preliminary injunction and two motions to proceed without paying the initial fee. (Doc. nos. 3, 6, 7, 12, 15, 16.)

Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint and supplemental complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. Background

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any

such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.

**B.    Discussion**

Here, under penalty of perjury, Plaintiff answered he had not previously filed any lawsuit in federal court. (Doc. no. 1, pp. 1-3.) However, the Court is aware of at least one other § 1983 case Plaintiff previously filed in federal court. See Bush v. Yeager, CV 315-068 (N.D. Ga. Apr. 21, 2015). Thus, Plaintiff provided false information about his prior filing history in his complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (affirming dismissal under inherent power of federal courts based on plaintiff's failure to disclose prior cases on court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006). Because Plaintiff provided blatantly dishonest answers in his complaint, this case should be dismissed.

## II. PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

Plaintiff has also filed four motions for a preliminary injunction, requesting the Court order (1) Defendants to not retaliatorily transfer Plaintiff to another prison; (2) prison official to give him copies of his grievances, disciplinary hearing documents, and the S.O.P. policy applicable at the time of the alleged incident; (3) prison officials to give him a copy of Defendant Scott's qualifications and certifications; (4) DSP to notarize his declarations; and (5) prison officials to stop opening and reading his legal mail. (See doc. nos. 3, 6, 7, 12.)

The Court finds Plaintiff is not entitled to relief. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, Plaintiff has offered nothing to suggest a likelihood of success on the merits. Indeed, Plaintiff has no constitutional right to copies of his grievances, disciplinary hearing, the S.O.P, or Defendant Bush's qualifications, as these are discovery materials accessible only through the appropriate discovery tools and after the Court has

4

determined Plaintiff has stated a claim for relief. See Carter v. DeKalb Cty., Ga., 521 F. App'x 725, 728 (11th Cir. 2013) ("[T]he doors of discovery do not unlock for a plaintiff armed with nothing more than conclusions. Rather, discovery *follows* the filing of a well-pleaded complaint.") (internal quotations omitted) (emphasis in the original). Nor is DSP constitutionally required to provide Plaintiff with a notary. See Thomas v. Dunn, No. 2:15CV453-MHT, 2015 WL 4635436, at *2 (M.D. Ala. Aug. 3, 2015) ("there is no constitutional right to notary services").

Furthermore, Plaintiff's mere belief that prison officials will transfer him based on his filing of this lawsuit is insufficient to demonstrate a constitutional violation. See Ray v. Alabama Pardon & Parole Bd., No. 2:08-CV-0089-MEF, 2008 WL 1836703, at *2 (M.D. Ala. Apr. 23, 2008) ("Plaintiff's subjective belief that correctional officials will retaliate against him for his litigation activities is insufficient to demonstrate a constitutional violation."). Finally, although Plaintiff does have a constitutionally protected interest in preventing prison officials from reading his legal mail, he has fails to allege "actual injury," a prerequisite to prevailing on a legal mail claim. See Al-Amin v. Smith, 511 F.3d 1317, 1332-33 (11th Cir. 2008) ("'[A]ctual injury' is a constitutional prerequisite to an inmate's access-to-courts claim. . . . In order to show actual injury, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.") (internal quotations omitted). Accordingly, Plaintiff cannot show he is likely to succeed on the merits on any of his claims.

Plaintiff also has not shown he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla.

5

Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Plaintiff alleges nothing to indicate he will be harmed if an injunction is not granted, much less that such harm is imminent. (See generally doc. nos. doc. nos. 3, 6, 7, 12.)

Plaintiff also fails to address whether the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons absent extraordinary circumstances not present here. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Requiring prison officials to take such specific action steps as requested by Plaintiff would be such an unwarranted interference. Plaintiff's failure to meet his burden as to these requisites necessitates a denial of his motions.

### III. PLAINTIFF'S OTHER MOTIONS ARE MOOT

Because Plaintiff's case is ripe for dismissal, his motions to proceed without paying the initial fee should be **DENIED AS MOOT**. (Doc. nos. 15, 16.)

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions for preliminary injunction (doc nos. 3, 6, 7, 12) be **DENIED**, Plaintiff's motions to proceed without paying the initial fee (doc. nos. 15, 16) be **DENIED AS MOOT**, and this

6

action be **DISMISSED** without prejudice as a sanction for abuse of the judicial process by providing dishonest information about his prior filing history.

SO REPORTED and RECOMMENDED this 14th day of February, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA